# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RICHARD L. ALLEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **4:07CV3036** |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| **ROBERT HOUSTON, et. al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

On February 5, 2007, Richard L. Allen filed a petition for a writ of habeas corpus (Filing No. 1). On February 21, 2007, respondent filed a motion for summary judgment asserting that the petitioner did not file his application for federal habeas corpus relief within the applicable limitations period (Filing No. 5). The court denied respondent's motion for summary judgment finding that, while there is no indication that the petition was filed within one year of the dates specified in 28 U.S.C. § 2244(d)(1)(C) or (D), there is a genuine issue as to whether the petitioner faced an impediment stemming from "State action in violation of the Constitution of laws of the United States" pursuant to 28 U.S.C. § 2244(d)(1)(B). Specifically, the court concluded that the petitioner submitted undisputed evidence that is sufficient to raise a genuine issue as to whether the prison officials denied petitioner meaningful access to the courts; and therefore, whether the petition was timely under 28 U.S.C. § 2244(d)(1)(B) (Filing No. 8 pg. 6). Further, the court found that, for the same reasons, there remains a genuine issue regarding the availability of equitable tolling.[1]

On June 7, 2007, respondent filed an Answer to the petition for writ of habeas

---

[1] The court noted in passing that the respondent's motion for summary judgment did not address the timeliness of the petition under the limitations period specified in § 2244(d)(1)(B) or the question of equitable tolling, and the respondent did not file a reply to the petitioner's response brief.

corpus that was not accompanied by a brief. In the Answer, respondent argues that petitioner's first claim for relief should be denied because: (1) the claim is time barred under 28 U.S.C. § 2244(d)(1); (2) the Nebraska courts did not reach a decision that was contrary to, or an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in state court; and (3) the petitioner did not fairly present his claim or has failed to exhaust his administrative remedies. As to the petitioner's second claim, the respondent argues that the claim should be denied because: (1) the petitioner's claim is so general and indefinite as to fail to allege a cognizable habeas claim; (2) the petition is time barred under 28 U.S.C. § 2244(d)(1); (3) the Nebraska courts did not reach a decision that was contrary to, or an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in state court; and (4) the petitioner is procedurally barred from raising his claim.

To facilitate an expeditious ruling on the petition before this court, the court will establish a briefing schedule for the remaining issues in this case.

IT IS THEREFORE ORDERED:

(1) That the following procedures shall be followed by the respondent and the petitioner:

    A. The respondent shall file a separate brief supporting its answer by October 12, 2007. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: deadline to file brief in support of answer expires October 12, 2007. The brief shall address all matters germane to the case including, but not limited to, the merits of the petitioner's allegations that have survived initial review, whether the petition was timely under 28 U.S.C. § 2244(d)(1)(B) or under the theory of equitable tolling, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or because the petition is an unauthorized second or successive petition. See, e.g., Rules 5(b) and 9 of the Rules Governing Section 2254 Cases in the United States District Courts.

B. The brief shall be supported by all state court records. See, e.g., Rule 5(c)-(d) of the Rules Governing Section 2254 Cases in the United States District Courts. Those records shall be contained in separate filing entitled: "Designation of State Court Records In Support of Answer."

C. Copies of the designation, including state courts records, and the respondent's brief shall be served upon the petitioner.

D. No later than 30 days following the filing of the answer, the petitioner shall file and serve a brief in response. The petitioner shall submit no other documents unless directed to do so by the court.

E. No later than 15 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

(2) No discovery shall be undertaken without leave of the court. See Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts.

DATED August 27, 2007.

BY THE COURT:

s/ Warren K. Urbom
United States Senior District Judge

3