IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD L. ALLEN, | ) | 4:07CV3036 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's Motion to Appoint Counsel. (Filing No. 16.) In support of his motion, the plaintiff filed an affidavit, to which the respondent has objected. (Filing Nos. 17 and 18.)

"[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment of counsel] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (citations omitted). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted); *see also* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts (requiring appointment of counsel if an evidentiary hearing is warranted). Upon review of the pleadings and the petitioner's motion, there is no need for the appointment of counsel at this time. Petitioner's Motion is denied.

The petitioner was recently given an additional 30 days, or until March 25, 2008, in which to file a brief in response to the respondent's answer and brief in support. (Filing No. 15.) However, the petitioner did not file a brief and instead sought the appointment of counsel. On the court's own motion, the petitioner

shall have one additional extension of time, until July 17, 2008, in which to respond to the respondent's answer and brief in support. If no response is filed, the court will rule on the merits of the petitioner's Petition for Writ of Habeas Corpus without further notice. **No further extensions of time will be permitted.**

IT IS THEREFORE ORDERED that:

1. the petitioner's Motion to Appoint Counsel (filing no. 16) is denied. The respondent's Objection to Affidavit (filing no. 18) is denied.

2. the petitioner shall have until July 17, 2008 in which to file a response to respondent's answer and brief in support. In the absence of a response, the court will rule on the merits of petitioner's Petition for Writ of Habeas Corpus without further notice. **No further extensions of time will be permitted.**

3. in the event that the petitioner files a response, no later than 30 days after the filing of the petitioner's response, the respondent shall file and serve a reply brief.

4. no discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

5. the clerk of the court is directed to set a pro se case management deadline with the following text: July 17, 2008: check for the filing of the petitioner's response.

Dated June 16, 2008.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge